UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES of AMERICA | ) | |
| | ) | |
| vs. | ) | No. 23-cr-435-RBW |
| | ) | |
| MICHEAL BRADLEY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S
NOTICE OF INTENT TO INTRODUCE EVIDENCE OF
DEFENDANT'S PRIOR CONVICTIONS FOR IMPEACHMENT PURPOSES**

On May 23, 2024, counsel for the government notified counsel for Defendant that if Defendant testifies at trial, it "would likely" seek to impeach him with a 2002 criminal conviction in Georgia state court for Trafficking in Controlled Substances and Possession of a Firearm or Knife During the Commission of Certain Felonies.  Federal Rule of Evidence 609(b) provides that a criminal conviction more than 10 years old is admissible against a defendant only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect."  The prejudicial effect of a conviction for "trafficking in controlled substances" while armed with a firearm of knife would be extraordinarily high in any case, but would be especially so here, where the defendant is charged with assaulting police officers, and is already contending with an avalanche of pre-trial publicity labeling him a ""domestic terrorist[]," "insurrectionist[]," "traitor[]," and "criminal[]."  *See* Memorandum in Support of Defendant's Motion to Change Venue (Mar. 22, 2024) [ECF No. 37-1] at 2.  At the same time, the government has proffered no "specific facts and circumstances" to suggest that this 22-year old conviction is probative at all, much less "substantially" more so than it is prejudicial.

Federal Rule of Evidence 609(b) also precludes introduction of a conviction more than 10 years old unless "the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use."  By Order dated February 22, 2024, this Court set March 22, 2024, as the date by which the government was required to "provide the defendant with notice of any … evidence of prior convictions it intends to use for impeachment purposes, if the defendant decides to testify."   The government provided no such notice to Defendant on or before March 22, 2024.

In sum, the government has not demonstrated that the  probative value of the prior conviction it proposes to offer in impeachment, "supported by specific facts and circumstances, substantially outweighs its prejudicial effect."  And the government has failed to provide Defendant with appropriate notice of its intent to offer this evidence.  For these reasons, the government should be barred from offering Defendant's prior convictions for impeachment purposes at trial.

Date:  June 4, 2024                              Respectfully submitted,


_____/s/ Paul F. Enzinna_____
Ellerman Enzinna Levy PLLC
1050 30th Street, NW
Washington, DC 20007
202.753.5553
penzinna@eellaw.com


*Counsel for Defendant Micheal Bradley*

2

<u>CERTIFICATE OF SERVICE</u>

I certify that on June 4, 2024, a copy of the foregoing Opposition to Government's Notice of Intent to Introduce Evidence of Defendant's Prior Convictions for Impeachment Purposes was filed using the CM/ECF system, which will then send notification of such filing to all counsel of record.

Respectfully submitted,

_____/s/_____
Paul F. Enzinna
Ellerman Enzinna Levy PLLC
1050 30th Street, NW
Washington, DC 20007
202.753.5553
penzinna@eellaw.com

*Counsel for Defendant Micheal Bradley*